IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 15, 2015

**STATE OF TENNESSEE v. ROBIN DALE ARTHUR**

**Appeal from the Criminal Court for Sullivan County**
**No. S63,319    James F. Goodwin, Jr., Judge**

_____

**No. E2015-00348-CCA-R3-CD – Filed January 15, 2016**

_____

The Defendant, Robin Dale Arthur, pled guilty to aggravated assault in exchange for a five-year and six-month sentence as Range I, standard offender.  Thereafter, the trial court denied any form of alternative sentencing based upon the Defendant's history of criminal convictions and criminal behavior.  The Defendant appeals, arguing that he is a suitable candidate for alternative sentencing pursuant to the statutory considerations outlined in Tennessee Code Annotated section 40-35-103(1)(A)-(C).  Following our review, we discern no abuse of discretion in the trial court's alternative sentencing decision.  Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Stephen M. Wallace, District Public Defender; and K. Justin Hutton (at guilty plea) and William A. Kennedy (at sentencing and on appeal), Assistant Public Defenders, for the appellant, Robin Dale Arthur.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Barry P. Staubus, District Attorney General; and Teresa A. Nelson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

Following the Defendant's involvement in a January 9, 2014 stabbing attack on the victim, Jamie Phelps, the Defendant was charged with attempted first degree murder, a Class A felony, and aggravated assault, a Class C felony.  See Tenn. Code Ann. §§ 39-

12-101, -13-102, -13-202. He entered a "best interest" plea to aggravated assault on November 14, 2014, and the attempted murder charge was dismissed. In exchange for his plea to the Class C felony, he received a sentence of five years and six months, as a Range I standard offender, although he qualified as a Range II, multiple offender. See Tenn. Code Ann. § 40-35-112(a)(3), (b)(3). A $200.00 fine was also assessed pursuant to the agreement. Only the manner of service was left for the trial court's determination.

A sentencing hearing was held on February 5, 2015. The presentence report was entered as an exhibit and provided details surrounding the events.[1] The information in the report about the stabbing attack was provided by Detective Justin McConnell of the Kingsport Police Department. Det. McConnell was quoted as follows:

> On 01/09/2014, I was called to Holston Valley Medical Center to investigate a stabbing that occurred at 359 Barnett Dr. Lot 10. I arrived and found the victim to be Ja[mi]e Phelps. Mr. Phelps had two large lacerations across his back as well as a puncture wound on his left side lower back. Ja[mi]e advised me that around 04:00 on this date, he along with Jerry Whiteman and Tonya Phelps went to Paul McClain's residence at 359 Barnett Dr. Lot 10 to get some items. Once there, Ja[mi]e advised that a woman he knows as "Merry" was standing near McClain's trailer. Merry lives near McClain's residence. Ja[mi]e said Merry started yelling for him. Ja[mi]e exited the vehicle and started walking toward Merry. A male approached Ja[mi]e from the rear and stabbed him in the back with some form of cutting instrument. Ja[mi]e looked at the male and saw that it was Merry's boyfriend Robin. . . . Robin then ran from the scene. Merry also left the scene after the incident.[2]

Det. McConnell further averred that he, separately, showed Jamie and Tonya Phelps a photographic array and that they both identified the Defendant as the attacker. According to a notation in the presentence report, the fifty-six-year-old Defendant claimed he was acting in self-defense when he stabbed the victim.

For the presentence report, the Defendant provided that he had dropped out of high school following the tenth grade; that he had never obtained his General Equivalency Diploma; and that, although he had sporadic employment at times, he had "spent a lot of time homeless over the years." The Defendant also stated that he had been physically

---

[1] At the plea submission hearing, the Defendant stipulated to the facts set forth in the affidavit of Joey Moody of the Kingsport Police Department as providing a factual basis for his plea. However, that affidavit does not appear in the appellate record.

[2] It appears that Merry Alvis Stanley later pled guilty to false imprisonment and received a sentence of eleven months and twenty-nine days for her role in the attack on the victim.

disabled since the mid-1990s and that he was involved in a car accident in 2009. He reported that he suffered from the following health problems—"[s]eizures, pulmonary embolism, [four] times back ha[d] been fractured in [three] places, 8mm cyst in third lob[e] of brain"—and that he took the following medications prior to his incarceration—"Neuro[n]tin, Dilantin, C[oumadi]n, Ventolin[] inhaler." He described his mental health as "good[,]" although he admitted to chronic use of drugs and alcohol throughout his lifetime. He further related that he received disability benefits and a "widower's pension."

The Defendant's criminal history began as a juvenile when he was "sent to reform school in Georgia for the offense of forgery at the age fifteen." In 1978, he was convicted of grand larceny and armed robbery at the age of twenty and sentenced to nine years in the Tennessee Department of Correction. He was convicted of being a felon in possession of a weapon in 1996 in Georgia; he received a sentence of one year in confinement for that offense, which was to be suspended after payment of a fine. In addition to these felonies, the report listed twenty-one misdemeanor convictions, including resisting arrest, unlawful possession of a weapon, disorderly conduct, failure to appear, indecent exposure, assault, domestic violence, and numerous alcohol-related and driving offenses. For his convictions, the Defendant had frequently been granted alternative sentences, including prior sentences of split confinement and probation. It was further elaborated upon in the report that violation warrants had been filed against the Defendant while he was serving Tennessee probationary sentences; that a failure to appear warrant remained outstanding against the Defendant in Louisiana; and that, as of January 2014, the Defendant was a fugitive from justice for a felony in Georgia. Moreover, the Defendant informed that he had "taken alcohol and drug classes over the years through misdemeanor probation[,]" which assertion was corroborated by the presentence report.

A victim impact statement from Jamie Phelps was submitted for the court's consideration in addition to the report. The victim documented the physical and emotional impact of his wounds and expressed a desire for restitution. No other proof was offered by either side.

Following the arguments of counsel, the trial court denied any form of alternative sentencing. This timely appeal followed.

## ANALYSIS

On appeal, the Defendant takes exception to the trial court's complete denial of any alternative sentence. Specifically, the Defendant argues that the statutory criteria of Tennessee Code Annotated section 40-35-103 are not met because, although he "has an

extensive misdemeanor record, his felony record only involves [three] felonies which are old"; because "there is nothing so heinous or shocking about [his] crime that a grant of alternative sentencing would depreciate the seriousness of the offense"; because "there was no proof offered by the State that confinement of [the Defendant] was particularly suited to provide an effective deterrence to others likely to commit similar offenses"; and because "[i]t is in the best interest of the victim and society that the [Defendant] be given [an] alternative sentence so he can pay restitution." He concludes that the trial court should have granted him "probation" or some other form of alternative sentencing. The State responds that the trial court properly exercised its discretion when it ordered the Defendant to serve his five-year and six-month sentence in confinement.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b). When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Bise, 380 S.W.3d at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6)(A). However, no longer is any defendant entitled to a presumption that he or she is a favorable candidate for alternative sentencing. Carter, 254 S.W.3d at 347. Tennessee

-4-

Code Annotated section 40-35-102(6) is now only advisory. See Tenn. Code Ann. § 40-35-102(6)(D).

Regardless, an offender is eligible for probation if he or she is sentenced to ten years or less and has not been convicted of certain specified offenses. See Tenn. Code Ann. § 40-35-303(a). While the trial court was required to automatically consider probation as a sentencing option, see Tennessee Code Annotated section 40-35-303(b), no criminal defendant is automatically entitled to probation as a matter of law, see State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). It is the defendant's burden to establish his or her suitability for full probation. See Carter, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds, State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

A trial court should consider the following when determining any defendant's suitability for alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

Here, the trial court based its denial of any alternative sentence upon the following grounds:

A couple of things I'll point out, first of all in determining at arriving at my ruling I've consider[ed] all the factors necessary for the grant or denial of probation. One factor that I am required to consider is the [D]efendant's criminal history. I note he had a lengthy criminal history . . . , both felony and misdemeanors, and I've noticed that he's been given probation numerous times throughout his life. It appears that throughout his lifetime he has failed to comply with release into the community. I do note that on page 14 [of the presentence report] he has health issues. I note that he completed the 10th grade and never got his GED according to the report. His alcohol and drug use appear to have started early and have been with him throughout his life interm[ittently]. He admits that he's had alcohol and drug classes through the years as a result of requirements of probation. I note that he pled guilty as a Range I offender in this case, . . . even though he would be a Range II offender pursuant to his criminal history. Mr. Arthur, your history is just too bad and I'm going to require that you serve your sentence in the Tennessee Department of Correction.

While acknowledging that he possesses "an extensive misdemeanor record," the Defendant submits that, because of the old age of his three felonies, the trial court should not have considered him as a defendant with a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A). We disagree. The Defendant's history of criminal convictions and criminal behavior lends support to the denial of an alternative sentence. The fifty-six-year-old Defendant's criminal history spanned forty years, beginning at the age of fifteen, and includes twenty-four convictions. The Defendant also admitted to chronic use of drugs and alcohol throughout his lifetime. The Defendant qualified as a Range II, multiple offender, although he received an agreed upon Range I, standard offender sentence. His criminal history is significant.

Moreover, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Defendant; a factor markedly absent from discussion in his appellate brief. See Tenn. Code Ann. § 40-35-103(1)(C). The Defendant has repeatedly been granted the largess of an alternative sentence throughout his criminal career. According to the presentence report, two violation warrants had been filed against the Defendant while he was serving Tennessee probationary sentences; a failure to appear warrant remained outstanding against the Defendant in Louisiana; and as recently as January 2014, the Defendant was a fugitive from justice for a felony in Georgia. Many of the Defendant's offenses continued to be drug- or alcohol-related, despite the fact that he had "taken alcohol and drug classes over the years through misdemeanor probation." The Defendant has demonstrated that he cannot comply with the terms and conditions of release.

The trial court followed the statutory sentencing procedure, properly weighing the factors and principles in denying alternative sentencing, and placing its reasoning for denying an alternative sentence on the record. Accordingly, the Defendant has failed to establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded to the trial court's denial of alternative sentencing.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE